**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
Case No.: 1:25-cv-24496-BB

REBECCA TAYLOR,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

CIDER (US) HOLDING LIMITED
DBA SHOPCIDER.COM,

Defendant.
_____/

### <u>DEFENDANT'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT</u>

Defendant Cider (US) Holding Limited d/b/a Shopcider.com ("Defendant"), by and through its undersigned counsel, moves to dismiss Plaintiff's Amended Class Action Complaint DE 13] pursuant to FRCP 12(b)(6) for failure to state a cause of action upon which relief can be granted. In support thereof, Defendant states as follows:

### INTRODUCTION

Plaintiff's Amended Complaint alleges a single count for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and its implementing regulation, 47 C.F.R. § 64.1200(d), based on Defendant's alleged failure to honor Plaintiff's opt-out request for text  messages and purported lack of internal do-not-call procedures.

Even accepting all well-pleaded factual allegations as true, the Amended Complaint fails to state a plausible claim for relief. The allegations regarding Defendant's lack of a written

Page 1 of 4

policy, personnel training, and procedures are entirely conclusory and rest solely on Plaintiff's individual experience of receiving approximately 20 text messages after her opt-out request. Such isolated   incidents do not plausibly allege a systemic failure to institute the required procedures under § 64.1200(d).

Courts routinely dismiss TCPA internal do-not-call claims where, as here, the plaintiff relies on speculative inferences from personal experiences without factual support for company-wide deficiencies. See, e.g., *Showers v. Pelican Inv. Holdings Grp., LLC*, No. 3:23-CV-2864-NJR, 2024 WL 4740760, at *7-8 (S.D. Ill. Sept. 30, 2024) (dismissing TCPA claim under § 64.1200(d) because allegations that defendants lacked a do-not-call database or policy were "conclusory, formulaic recitations of the elements" without "additional facts in support"). See Exhibit A to Motion to Dismiss, ECF No. 6-1 for a copy of the *Showers* decision.

## STANDARD OF REVIEW

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the complaint. The  Court must accept factual allegations as true but disregard legal conclusions or threadbare recitals of elements. The complaint must plead facts sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## ARGUMENT

**I. The Amended Complaint Fails to Plausibly Allege a Violation of 47 C.F.R. § 64.1200(d).**

To state a claim under 47 U.S.C. § 227(c)(5), Plaintiff must allege that she received more than one telemarketing call (including texts) within a 12-month period from the same entity "in violation of the regulations prescribed under this subsection." The relevant regulation, 47 C.F.R. § 64.1200(d), requires entities initiating telemarketing calls to residential subscribers (including

wireless numbers per § 64.1200(e)) to institute minimum procedures, including: (1) a written do-not-call policy available upon demand; (2) training of telemarketing personnel on the policy; and (3) recording and honoring do-not-call requests within a reasonable time (not exceeding 10 business days).

The Amended Complaint, like the original Complaint, relies solely on Plaintiff's personal experience to speculate about company-wide deficiencies. Plaintiff alleges she received over 20 texts after her opt-out request (Am. Compl. ¶¶ 12-14) and infers from this that Defendant lacks policies, training, and a do-not-call list (id. ¶¶ 18-20, 26-27). These are conclusory assertions, not factual allegations. Courts dismiss such claims where plaintiffs' "allegations are nothing more than conclusory, formulaic recitations of the elements of the cause of action" without supporting facts. *Showers*, 2024 WL 4740760, at *16 (dismissing claim where plaintiff alleged defendants lacked a do-not-call database or policy without "additional facts in support").

Plaintiff's amendments do not cure these defects. Adding details about the number of texts or screenshots (id. ¶¶ 12-13) still ties the inferences to her isolated experience, not systemic issues. Phrases like "Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures" (id. ¶ 18) remain speculative and fail to nudge the claim to plausibility. *Twombly*, 550 U.S. at 555.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

Dated: October 13, 2025

Respectfully submitted,


/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
E-mail: jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on October 13, 2025, a copy of the foregoing was served on Plaintiff's counsel via CM/ECF.


/s/ Jianyin Liu
Jianyin Liu, Esq.