**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-24496-BLOOM/Elfenbein**

REBECCA TAYLOR
individually and on behalf
of all others similarly situated,

       Plaintiff,

v.

CIDER (US) HOLDING LIMITED,
d/b/a/ SHOPCIDER.COM

       Defendant.

_____/

## ORDER ON MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Cider (US) Holding Limited's Motion

to Dismiss Plaintiff's Amended Class Action Complaint. ECF No. [14]. Plaintiff Rebecca Taylor

filed a Response in Opposition ("Response"), ECF No. [18], to which Defendant did not file a

Reply. For the reasons that follow, Defendant's Motion is denied.

## I.  FACTUAL BACKGROUND

This action arises from allegedly improper telemarketing text messages Defendant sent to

Plaintiff and members of the putative class. The Complaint alleges that "Plaintiff is the regular

user of the telephone number"[1] in question, and on June 27, 2025, "Plaintiff requested to opt-out

of Defendant's text messages by replying with a message stating "please cease." ECF No. [13] at

¶¶ 12, 23. However, after Defendant received that message to stop, "Defendant ignored Plaintiff's

request and continued text[ing] Plaintiff, including on or about August 29, 2025 [ ] and twice on

---

[1] "Plaintiff utilizes the cellular telephone that received Defendant's text messages for personal purposes[,]
and the number is Plaintiff's residential telephone line." ECF No. [1] at ¶ 24.

September 2, 2025[.]" *Id.* at ¶ 13. In total, Defendant sent more than 20 marketing messages to Plaintiff after she sent the text message directing Defendant to stop. *Id.* at ¶ 14.

According to Plaintiff, the text messages Defendant sent were designed "to solicit the sale of consumer goods, services, and/or properties," and the continued messages after Plaintiff requested Defendant to stop reflect the fact that Defendant "does not honor consumer requests to opt-out of text message solicitations." *Id.* at ¶¶ 15, 17. "Defendant's refusal to honor Plaintiff's opt-out request [further] demonstrates" that: (1) "Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant," (2) that "Defendant does not provide training to its personnel engaged in telemarketing," and (3) that "Defendant does not maintain a standalone do-not-call list." *Id.* at ¶¶ 18-20. Given Defendant's failure to honor her opt-out request, Plaintiff asserts a single Telephone Consumer Protection Act ("TCPA") claim for violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). *See id.* at 10-12.

Defendant now seeks to dismiss the Complaint, arguing that Plaintiff has failed to state a plausible claim for relief because Plaintiff's allegations "are entirely conclusory and rest solely on Plaintiff's individual experience of receiving approximately 20 text messages after her opt-out request." ECF No. [14] at 2. Plaintiff responds that she has adequately plead "a claim for violation of Section 64.1200(d) by alleging that Defendant made repeated telemarketing 'calls' (text messages) to Plaintiff without adequate procedures for maintaining a list of persons who request not to receive such calls." ECF No. [18] at 6. According to Plaintiff, "district courts have repeatedly concluded that allegations just like these are sufficient to state a claim where they allege the lack of adequate procedures by alleging that the defendant 'did not have reasonable practices and procedures in place to effectively prevent telephone solicitations . . . as evidenced by its calls to the plaintiff who repeatedly requested the defendants stop calling.'" *Id.* at 6-7 (quoting *Adam v.*

*CHW Grp., Inc.*, No. 21-cv-19-LRR, 2021 WL 7285905, at *2, 9 (N.D. Iowa Sept. 9, 2021)). Given

that Defendant did not file a reply, the Motion is now ripe for review.

## II.   LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that

the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228

(S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL

3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading in a civil action must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a complaint "does not need detailed factual allegations," it must provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

557 (alteration in original)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. When a defendant moves to dismiss for failure to state a claim

upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's

allegations as true and evaluate all possible inferences derived from those facts in favor of the

plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079

(S.D. Fla. 2019). However, this tenet does not apply to legal conclusions, and courts "are not bound

to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555;

*see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th

Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations

will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992

F.2d 1171, 1174 (11th Cir. 1993) (citations omitted). *Id.* at 12.

## III. DISCUSSION

Defendant's argument that Plaintiff is unable to state a claim upon which relief may be

granted is without merit. To plausibly assert a TCPA violation under 47 U.S.C. § 227, "a plaintiff

must allege '(1) receipt of more than one telephone call within any 12-month period; (2) by or on

behalf of the same entity; and (3) in violation of the regulations promulgated by the FCC.'"

*Perischett v. T-Mobile USA, Inc.*, 479 F. Supp. 3d 1333, 1339 (N.D. Ga. 2020) (quoting *Wagner*

*v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1197 (M.D. Fla. 2014)); *Lawson v. Visionworks*

*of Am., Inc.*, 741 F. Supp. 3d 1251, 1253 (M.D. Fla. 2024). There is no dispute that Plaintiff has

adequately alleged the first two elements of her TCPA claim, given that a text message constitutes

a "call" under the TCPA and the text messages were alleged to have been sent over the course of

several months. *See Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1067-68 (S.D. Fla.

2020) ("A text message to a cell phone qualifies as a 'call' under the TCPA.") (citing *Campbell-*

*Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), *as revised* (Feb. 9, 2016); *Legg v. Voice Media*

*Grp., Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014) (noting that the TCPA and the

accompanying federal regulations "apply with equal force to conventional telephone calls and text

messages, as a text message qualifies as a 'call' within the meaning of the TCPA."); *Pariseau v.*

*Built USA, LLC*, 619 F. Supp. 3d 1203, 1206 (M.D. Fla. 2022) ("In several rules, the FCC reiterates

that the TCPA affords text messages 'the same consumer protections . . . as voice calls.'") (internal

citations omitted). Therefore, Defendant's Motion solely concerns the third element—whether

there are allegations sufficient to establish that Defendant's text messages to Plaintiff violated FCC

regulations.

In the Amended Complaint, Plaintiff alleges a violation of 47 C.F.R. § 64.1200(d), which

provides "that '[n]o person or entity shall initiate any call for telemarketing purposes to a

residential telephone subscriber unless such person or entity has instituted procedures for

maintaining a list of persons who request not to receive telemarketing calls made by or behalf of

that person or entity.'" *Persichetti*, 479 F. Supp. 3d at 1338 (quoting 47 C.F.R. § 64.1200(d)). "The

term telemarketing means the initiation of a telephone call or message for the purpose of

encouraging the purchase or rental of, or investment in, property, goods, or services, which is

transmitted to any person." 47 C.F.R. § 64.1200(f)(13). The procedures instituted by the Defendant

must meet the following standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a

consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

47 C.F.R. § 64.1200(d)(1)-(4).

Plaintiff has adequately alleged that Defendant violated 47 C.F.R. § 64.1200(d). There is no dispute that Plaintiff has shown that she received telemarketing text messages to her residential phone number from Defendant. Therefore, the only question is whether Plaintiff has plausibly established that Defendant failed to institute adequate procedures for maintaining a list of persons who request not to receive telemarketing calls.

While Defendant contends that the Amended Complaint is inadequate because it "relies solely on Plaintiff's personal experience to speculate about company-wide deficiencies," the caselaw reflects otherwise. ECF No. [14] at 3. As Plaintiff correctly points out, courts have routinely found that "it may be inferred that 'internal do-not call procedures are deficient when calls [or text messages] to an individual who has requested not to be called continue.'" *Bosley v. A Bradley Hosp. LLC*, No. 25-CV-22336, 2025 WL 2686984, at *7 (S.D. Fla. Sept. 19, 2025) (quoting 47 C.F.R. § 64.1200(d); citing *Menin v. Star Markets Co., Inc.*, No. 23-CV-11918-DJC, 2024 WL 4123522, at *3 (D. Mass. Sept. 9, 2024); *Adam v. CHW Grp., Inc.*, No. 21-cv-19-LRR, 2021 WL 7285905, at *2, 9 (N.D. Iowa Sept. 9, 2021)); *see also Eagle v. GVG Cap., LLC*, No. 22-CV-00638-SRB, 2023 WL 1415615, at *4 (W.D. Mo. Jan. 31, 2023) ("Plaintiff alleges that she repeatedly instructed Defendant to stop sending her text messages. Despite those instructions, Plaintiff continued to receive text messages. At the motion to dismiss stage, it is reasonable to infer

that Defendant did not have internal procedures regarding do not call requests as required by 47

C.F.R. § 64.1200(d)"); *Hullett v. Eyebuydirect, Inc.*, No. 1:24-CV-996, 2025 WL 1677071, at *5

(N.D.N.Y. June 13, 2025) ("[A] majority of courts have recognized that, generally, allegations of

continued contact after an alleged opt-out may be sufficient to plausibly suggest that the defendant

did not implement the required internal procedures prior to contacting the plaintiff."). Therefore,

since Defendant purportedly continued to send messages after receiving the "Please cease" reply

from Plaintiff, she has provided sufficient allegations at this stage of the proceedings to establish

that Defendant failed to "institute procedures for maintaining a list of persons who request not to

receive telemarketing calls made by or on behalf of [Defendant]." 47 C.F.R. § 64.1200(d).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion, **ECF No. [14]**, is **DENIED.**

2.  Defendant shall file its Answer to the Amended Complaint, **ECF No. [13]**, **no later
    than January 26, 2026.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

7